**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X          **Docket No.**
SAMANTHA SOWELL,

                                        Plaintiff,                                   **COMPLAINT**

-*against*-

                                                                               **PLAINTIFF DEMANDS**
THE HELP USA FUND, INC.                                                     **A TRIAL BY JURY**

                                        Defendant.
-------------------------------------------------------------------X

      Plaintiff, SAMANTHA SOWELL, by and through her attorneys, PHILLIPS &

ASSOCIATES, Attorneys at Law, PLLC, hereby complains of the Defendant, upon knowledge as

to herself and her own actions and upon information and belief as to all other matters, as follows:

<u>**NATURE OF THE CASE**</u>

1.     This is a civil action based upon Defendant's violations of Plaintiff 's rights guaranteed to

her by: (i) the discrimination and retaliation provisions of the **<u>Title VII of the Civil Rights</u>**

**<u>Act of 1964</u>**, as amended ("Title VII"); (ii) **<u>Section 1981 of the Civil Rights Act of 1866</u>**

("Section 1981"); (iii) the discrimination provisions of the **<u>New York State Human</u>**

**<u>Rights Law</u>**, New York State Executive Law, § 296 *et seq*. ("NYSHRL"); (iv) the

discrimination provisions of the **<u>New York City Human Rights Law</u>**, (v) New York City

Administrative Code § 8-107 *et seq.* ("NYCHRL"); and (vi) any other claim(s) that can be

inferred from the facts set forth herein.

2.     Plaintiff seeks redress for the injuries she has suffered as a result of being **<u>discriminated</u>**

**<u>against, retaliated against for engaging in protected activity and terminated</u>** solely on

the basis of her race (Black).

<u>**JURISDICTION AND VENUE**</u>

3.     Jurisdiction of this Court is proper under <u>42 U.S.C.</u> §2000e-5(f)(3), and <u>28 U.S.C.</u> §§1331

and 1343.

4. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. §1367.

5. Venue is proper in this district in that a substantial part of the events or omissions giving rise to the claim occurred within the Southern District of the State of New York. 28 U.S.C. § 1391(b).

## PROCEDURAL PREREQUISITES

6. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") upon which this Complaint is based.

7. Plaintiff received a Notice of Right to Sue from the EEOC dated September 26, 2021, with respect to the instant charges of discrimination.  A copy of the Notice is annexed to this Complaint.

8. This action is being commenced within 90 days of receipt of the Notice of Right to Sue.

## PARTIES

9. Plaintiff SAMANTHA SOWELL (hereinafter "Plaintiff") is a Black woman and a resident of the State of New York, Kings County. At all relevant times herein, Plaintiff was an employee of Defendant.

10. At all relevant times herein, Plaintiff was and is a "person" and an "employee" entitled to protection as defined by state and federal laws.

11. At all relevant times herein, Defendant THE HELP USA FUND, INC. (hereinafter "Defendant" or "HELP USA") was and is a nonprofit tax-exempt corporation organized under the laws of the State of New York and headquartered at 115 East 13th Street, New York, New York.

12.   At all relevant times herein, Defendant HELP USA "employs" fifteen and thus one or more "employees," and is thus an "employer" within the meaning of Title VII, the NYSHRL, and the NYCHRL.

## FACTUAL ALLEGATIONS

13.   On or about November 13, 2018, Plaintiff began working for Defendant as a Director of Social Services, earning an annual salary of $61,000.

14.   Plaintiff worked exclusively from Defendant's offices located at 237 West 107th Street, New York, NY 10025.

15.   Throughout her employment with Defendant, Plaintiff's work performance consistently met or exceeded reasonable expectations.

16.   In fact, upon information and belief, Plaintiff was encouraged by high-ranking staff members of Defendant to apply for promotions to executive-level positions.

17.   On or about September 4, 2019, upon information and belief, Business Manager, Dionica Sarmiento ("Sarmiento") heard a racially discriminatory remark made in Spanish by Margaret Acosta-Nunez ("Acosta"), Director of Operation, that vocalized her disappointment in the company for hiring a Black person to fill the position of Executive Director, and therefore, the direct supervisor of both Acosta and Plaintiff.

18.   Sarmiento disclosed Acosta's comments to Plaintiff, a Black woman.

19.   Specifically, Sarmiento heard Acosta say that she did not like working for a "monkey" and that she did not like that one "monkey" left (referring to the previous Executive Director) and another one (the newly hired Executive Director) started.

20.   In response, Sarmiento stated that she informed Acosta that "that is not a nice thing to say," and also that "she [Acosta] has not said that anymore."

21.    Defendant did, in fact, recently hire Adeleke Oniwinde ("Oniwinde"), a black man, to fill the position of Executive Director. Thereafter, Oniwinde became the direct supervisor of both Acosta and Plaintiff.

22.    By November 2020, Oniwinde had been replaced as Executive Director by Dr. Alima Cromedy ("Dr. Cromedy"), a Black woman. Thereafter, Dr. Cromedy assumed the role of direct supervisor of both Plaintiff and Acosta.

23.    Upon information and belief, soon after the inception of her tenure with Defendant, Dr. Cromedy was also informed of Acosta's comments and feelings toward Black people by Sarmiento, leading Dr. Cromedy to surmise that Acosta was equally disappointed with her hiring for the position of Executive Director because she was a Black woman.

24.    Upon information and belief, this is not an isolated incident, and Acosta has exhibited a history of favoritism and racial discrimination while in the Defendant's employ.

25.    Specifically, Acosta afforded more favorable treatment to Hispanic employees than their Black counterparts.

26.    For example, Hispanic employees under Acosta's supervision were permitted to take long breaks without discipline whereas Black employees were written up for similar actions.

27.    Moreover, Black employees under Acosta's supervision that exhibited COVID-19 symptoms were told to report to work, whereas similarly situated Hispanic employees experiencing the same symptoms were told to leave work and get tested.

28.    Upon information and belief, when a client of Defendant tendered two, identical complaints against a Black and a Hispanic employee whom were both supervised by Acosta, only the Black employee faced discipline from Acosta while the Hispanic employee faced none.

29.     In addition to contacting Dr. Cromedy and Sarmiento to formally lodge complaints about Acosta's discriminatory conduct and remarks, Plaintiff also contacted Employee Relations specialist, Harry Harkins ("Harkins").

30.     On February 9, 2021, Plaintiff received a response from Harkins which informed Plaintiff that he was working on setting up a meeting with Acosta. Upon information and belief, no such meeting ever transpired.

31.     Instead of addressing Plaintiff's complaint, on February 17, 2021, Plaintiff received a Corrective Action Plan from Associate Vice President, Andrea Harris.

32.     Specifically, this Corrective Action Plan alleged that Plaintiff had serious challenges as to her "professional demeanor with staff and supervisors."

33.     Prior to the dissemination of this Corrective Action Plan, Plaintiff had never previously been disciplined for any purported deficiency in her interpersonal and supervisory skills in the workplace.

34.     Plaintiff perceived this disciplinary action as a retaliatory act wrought against her because of the several, recurring complaints she lodged about Acosta.

35.     In a letter to Andrea Harris and other Human Resources staff dated February 22, 2021, Plaintiff responded to the Corrective Action Plan, stating that she disagreed with the allegations made against her and that she had concerns that the issuance of the Corrective Action Plan itself was made in retaliation for Plaintiff's prior complaints.

36.     Just over one month later, on March 24, 2021, Defendant terminated Plaintiff's employment.

37.     As a result of Defendant's actions, Plaintiff felt humiliated, degraded, victimized, embarrassed and emotionally distressed.

38.     As a result of the Defendant's discriminatory and intolerable treatment of Plaintiff, she suffered severe emotional distress.

39.     As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, loss of income, loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40.     Defendant's actions and conduct were intentional and intended to harm Plaintiff.

41.     As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against the Defendant.

## FIRST CAUSE OF ACTION
### *Race Discrimination in Violation of Title VII*

42.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

43.     Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's **race**, color, religion, sex, or national origin[.] (Emphasis added.)

44.     As described above, Defendant discriminated against Plaintiff on the basis of her race, in violation of Title VII, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among

other things, severe or pervasive harassment of Plaintiff based on her race.

45.     As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

46.     The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

**SECOND CAUSE OF ACTION**
*Retaliation in Violation of Title VII*

47.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

48.     <u>Title VII of the Civil Rights Act of 1964</u>, *as amended*, <u>42 U.S.C</u>. §2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

49.     As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant's discrimination based on Plaintiff's race.

50.     As described above, after Plaintiff engaged in activity protected by Title VII, Defendant took adverse actions against Plaintiff by, *inter alia*, terminating her employment, that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

51.  As a result of the retaliatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

52.  The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
### *Race Discrimination in Violation of Section 1981*

53.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54.  42 U.S.C. § 1981 states in relevant part as follows:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

55.  Defendant engaged in unlawful employment practices prohibited by 42 U.S.C. § 1981, by discriminating against Plaintiff because of her race (Black).

56.  Plaintiff was subjected to negative disparate treatment, discrimination, humiliation, embarrassment, adverse employment actions and loss of employment due to her race.

## FOURTH CAUSE OF ACTION
### *Retaliation in Violation of Section 1981*

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. By the acts and practices described above, Defendant retaliated against Plaintiff for her opposition to unlawful discrimination under 42 U.S.C. §1981.

59. Defendant acted with malice and/or reckless indifference to Plaintiff's statutorily protected rights.

60. Plaintiff is entitled to the maximum amount of damages allowed under this statute.

## FIFTH CAUSE OF ACTION
### *Race Discrimination in Violation of the NYSHRL*

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

62. New York State Executive Law §296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, **race**, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

63. As described above, Defendant discriminated against Plaintiff on the basis of her race, in violation of NYSHRL, by creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, based on Plaintiff's race. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer,

economic loss, for which he is entitled to an award of monetary damages and other relief.

64.   As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

65.   Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## SIXTH CAUSE OF ACTION
### _Retaliation in Violation of the NYSHRL_

66.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

67.   New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she filed a complaint, testified, or assisted in any proceeding under this article.

68.   As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant's discrimination based on Plaintiff's race.

69.   As described above, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse actions against Plaintiff by, _inter alia_, terminating her employment, which would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

70.     As a result of Defendant's retaliatory conduct in violation of the NYSHRL, Plaintiff has

suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional

distress, including, but not limited to depression, humiliation, embarrassment, stress and

anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for

which she is entitled to an award of monetary damages, as well as past and future lost

wages and benefits and other compensatory damages, and other relief.

## SEVENTH CAUSE OF ACTION
### *Race Discrimination in Violation of NYCHRL*

71.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with

the same force and effect as if more fully set forth herein.

72.     The Administrative Code of the of City of New York § 8-107(1)(a) provides that

> It shall be an unlawful discriminatory practice: for an employer or
> an employee or agent thereof, because of the actual or perceived age,
> **race**, creed, color, national origin, gender, disability, marital status,
> partnership status, caregiver status, sexual and reproductive health
> decisions, sexual orientation, uniformed service or alienage or
> citizenship status of any person... to refuse to hire or employ or to
> bar or to discharge from employment such person or to discriminate
> against such person in compensation or in terms, conditions or
> privileges of employment.

73.     As described above, Defendant discriminated against Plaintiff on the basis of her race in

violation of the NYCHRL by, including but not limited to, subjecting her to disparate

working conditions and denying her the opportunity to work in an employment setting free

of unlawful discrimination and harassment. As a result of Defendant's unlawful

discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues

to suffer, economic loss, for which he is entitled to an award of monetary damages and

other relief.

74.    As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

75.    Defendant's unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

### EIGHTH CAUSE OF ACTION
*Retaliation in Violation of NYCHRL*

76.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

77.    The New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice for an employer "to retaliate or discriminate in any manner against any person because such person has opposed any practices forbidden under this chapter…."

78.    As described above, Plaintiff engaged in protected activities, including making internal complaints regarding discrimination based on Plaintiff's race.

79.    As described above, after Plaintiff engaged in activity protected by the NYCHRL, Defendant took adverse actions against Plaintiff by, *inter alia*, terminating her employment, which would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

80.     As a result of Defendant's retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

81.     Defendant's unlawful discriminatory actions constitute violations of the NYCHRL that amount to willful or wanton negligence, recklessness, and involve a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard for which Plaintiff is entitled to an award of punitive damages.

## JURY DEMAND

82.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A.     Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL in that Defendant discriminated against Plaintiff on the basis of her race and retaliated against Plaintiff by terminating Plaintiff for engaging in protected activity;

B.     Awarding damages to Plaintiff for all damages resulting from Defendant's unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.     Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

13

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the

         action; and

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and

         proper to remedy Defendant's unlawful employment practices.


Dated: Garden City, New York
        November 30, 2021

                                              **PHILLIPS & ASSOCIATES,**
                                              **ATTORNEYS AT LAW, PLLC**

                                    By:      _/s/ Joshua Friedman_____
                                              Joshua Friedman, Esq.
                                              *Attorneys for Plaintiff*
                                              585 Stewart Avenue, Suite 410
                                              Garden City, New York 11530
                                              T: (212) 248-7431
                                              F: (212) 901-2107
                                              jfriedman@tpglaws.com